IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CARLTON A. SULLINS, et al.,

    Plaintiffs,

  v.

EXXON/MOBIL CORPORATION,

    Defendant.
                                        /

No. C 08-04927 CW

ORDER GRANTING
DEFENDANT'S MOTION
TO DISMISS

    This case is based on the allegations that, during the time Defendant ExxonMobil Corporation owned the real property now owned by Plaintiffs, underground storage tanks leaked, contaminating the property, and now Defendant refuses to contribute to the cost of remediating the property. Defendant moves to dismiss, under Federal Rule of Civil Procedure 12(b)(6), Plaintiffs' second, third and sixth claims for relief in their Second Amended Complaint (SAC). Plaintiffs Carlton A. Sullins, Rita Sullins, and Don-Sul, Inc., collectively Sullins, oppose the motion. Having considered all the papers filed by the parties, the Court grants Defendant's motion.

BACKGROUND

    Plaintiffs allege that they and Defendant have been designated Responsible Parties by various government agencies with respect to the contamination on Plaintiffs' real property. Plaintiffs allege that they have attempted to comply with the agencies' orders to

1 remediate the contamination, but that Defendant has refused to
2 contribute to the remediation.  Plaintiffs also allege that several
3 of Defendant's agents have misrepresented to Plaintiffs that
4 Defendant would contribute to the remediation.

5 In an order dated September 2, 2009, the Court dismissed with
6 leave to amend claims in Plaintiffs' First Amended Complaint (FAC)
7 under the Porter-Cologne Act and the Resource Conservation and
8 Recovery Act (RCRA), as well as claims for negligence, intentional
9 misrepresentation and negligent misrepresentation.  In their SAC,
10 Plaintiffs re-allege their tort claims for nuisance, intentional
11 and negligent misrepresentation, contribution and indemnity and
12 bring a new claim for violation of the California Unfair Business
13 Practices Act (UCL), Cal. Bus. & Prof. Code § 17200 et seq.
14 Defendant moves to dismiss the UCL and intentional and negligent
15 misrepresentation claims.

### LEGAL STANDARD

17 A complaint must contain a "short and plain statement of the
18 claim showing that the pleader is entitled to relief."  Fed. R.
19 Civ. P. 8(a).  On a motion under Rule 12(b)(6) for failure to state
20 a claim, dismissal is appropriate only when the complaint does not
21 give the defendant fair notice of a legally cognizable claim and
22 the grounds on which it rests.  Bell Atl. Corp. v. Twombly,
23 550 U.S. 544, 555 (2007).

24 In considering whether the complaint is sufficient to state a
25 claim, the court will take all material allegations as true and
26 construe them in the light most favorable to the plaintiff.  NL
27 Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  When
28 granting a motion to dismiss, the court is generally required to

2

grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).

DISCUSSION

I. Intentional and Negligent Misrepresentation

Under California law, the elements of intentional misrepresentation are "(1) a misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce another's reliance on the misrepresentation, (4) justifiable reliance, and (5) resulting damage." Conroy v. Regents of Univ. of Cal., 45 Cal. 4th 1244, 1255 (2009). "The tort of negligent misrepresentation, a species of the tort of deceit, does not require intent to defraud but only the assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true." Id. (citation omitted). An individual may honestly believe the statements to be true, but if he or she has no reasonable ground for such a belief, he or she may be liable for negligent misrepresentation. Bily v. Arthur Young & Co., 3 Cal. 4th 370, 407-08 (1992).

In its September 2, 2009 Order, the Court concluded that, in the FAC, Plaintiffs' claims for intentional and negligent misrepresentation, which were based upon alleged misrepresentations by Defendant's agents during settlement negotiations concerning Defendant's compliance with the cleanup orders, did not identify a specific promise to take a concrete action, nor state that any such promise was violated, nor that Plaintiffs acted in reliance on such a promise to their detriment. Id. The Court noted, "Although the mere failure to fulfill a promise to take a future action is not

fraud, a promise that is made without any intention of taking the promised action may constitute a misrepresentation that can form the basis for a fraud claim, assuming the other elements are satisfied." September 2, 2009 Order at 14.[1]

In the SAC, Plaintiffs attempt to remedy the deficiencies noted by the Court. However, Plaintiffs add few new allegations. The following allegations appear in both the FAC and SAC, except where noted.

In 2006, Defendant's representatives, including Hany Fangary, represented that Defendant would contribute expertise, equipment and money to the remediation process. SAC at ¶ 28.[2] In September, 2007, Defendant's representatives, including Ruth Ivory-Moore and Charles Hungerford, represented that Defendant would promptly take the necessary steps to obtain authorization to make a financial contribution to the clean up of the property. FAC at ¶ 43; SAC at ¶ 28. Ms. Ivory-Moore stated that Defendant did not want to see Plaintiffs destroyed by the financial burden required to remediate the property and that her presence at the meeting in Walnut Creek, California should be taken as a sure sign that Defendant intended to participate in the remediation costs. FAC at ¶ 43; SAC at ¶ 28. She also represented that the matter "had to be taken up with persons in ExxonMobil other than herself and Mr. Hungerford." FAC at ¶ 43; SAC at ¶ 28. These statements were made with the intention that Plaintiffs rely upon them. FAC at 44; SAC at ¶ 29.

---

[1] The Court did not address the negligent misrepresentation claim because the parties had not briefed whether such a claim could be based upon a broken promise.

[2] This allegation was not stated in the FAC.

4

Plaintiffs, relying on these representations, undertook significant financial commitments by hiring a third party to investigate the contamination on the property, to prepare a corrective action plan and to commence remediation. SAC at ¶ 30.[3] Plaintiffs, relying on Defendant's agents' representations, took no legal action against Defendant to compel it to contribute to the remediation effort. FAC at ¶ 45; SAC at ¶ 30. The representations made by Defendant's agents were false and known to be false when made because Defendant had no intention of performing the promises. FAC at ¶ 48; SAC at ¶ 31. Defendant's intention was to deceive Plaintiffs into believing that it would perform as promised so that they would undertake the cleanup at their own expense and be lulled into failing to pursue their legal remedies against Defendant. FAC at ¶ 48; SAC at ¶ 31. Had Plaintiffs known that Defendant had no intention of fulfilling its promises, they would not have undertaken the enormous financial burden to remediate the property and instead immediately would have commenced suit against Defendant to compel it to contribute to the remediation. SAC at ¶ 32.[4] The costs of remediation are increasing as time passes. Id.[5] Plaintiffs' reliance was reasonable because the representations were made by agents who held themselves out to be decision-makers or who were conduits to decision-makers at ExxonMobil. SAC at

---

[3]This allegation was not stated in the FAC.

[4]This allegation was not stated in the FAC.

[5]This allegation was not stated in the FAC.

5

¶ 33.[6]

In regard to the negligent misrepresentation claim, Plaintiffs make the same allegations, except they allege that Defendant's agents made the misrepresentations without any reasonable belief that they were true. FAC at ¶ 53; SAC at ¶ 38.

Plaintiffs' new allegations do not remedy the deficiency in the FAC. Although Plaintiffs now allege that the misrepresentations were not made during settlement negotiations, they still do not state that Defendant made a specific promise to take concrete action. Furthermore, because Plaintiffs do not allege that Defendant made a specific promise, there was nothing upon which Plaintiffs could have justifiably relied to motivate their own action or inaction. The allegation that reliance was reasonable because Defendant's agents held themselves out to be decision-makers or conduits to decision-makers does not save this claim because there was no promise to rely upon and because the agents indicated that other persons' approvals were needed for any final agreement. Therefore, Plaintiffs' claims for intentional and negligent misrepresentation must be dismissed. Dismissal is without leave to amend because Plaintiffs had an opportunity to amend and could not remedy the deficiency noted by the Court in the September 2, 2009 Order.

II. UCL Claim

Citing Federal Rule of Civil Procedure 15(a)(1), Defendant argues that Plaintiffs' UCL claim must be dismissed because it was improperly alleged in the SAC without a stipulation from Defendant

---

[6]This allegation was not stated in the FAC.

1 or an order from the Court.

2 Rule 15(a)(1) and (2) provides that a party may amend its 3 complaint once as a matter of course, but that otherwise, before 4 filing an amended complaint, a party must obtain the opposing 5 party's written consent or leave of the court.

6 Plaintiffs respond that the Court implicitly granted them 7 leave to add this new claim in its statement in the September 2, 8 2009 Order that leave to amend was granted "to cure the 9 deficiencies in their claims." Plaintiffs mischaracterize this 10 phrase; it indicates that Plaintiffs could cure the deficiencies 11 the Court had noted in the claims they had alleged in the FAC. In 12 the interests of judicial efficiency, however, the Court will 13 address the merits of the UCL claim.

14 Defendant argues that Plaintiffs lack standing to assert a UCL 15 claim because the damages they seek are disgorgement, not 16 restitution, which they must allege in order to seek relief under 17 the UCL.

18 To bring a claim under the UCL, plaintiffs must show that they 19 lost money or property as a result of the defendant's unfair 20 competition. Buckland v. Threshold Ents., Ltd., 155 Cal. App. 4th 21 798, 817 (2007) (citing Cal. Bus. & Prof. Code § 17204). Because 22 remedies under the UCL are restricted to injunctive relief and 23 restitution, standing to bring a UCL claim is limited to 24 individuals who suffer losses of money or property that are 25 eligible for restitution. Id. Restitution under the UCL is the 26 return of money or property obtained through an unfair business 27 practice to those persons from whom the property was taken, that 28 is, to the person who had an ownership interest in the property or

7

those claiming through that person.  Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1144-45 (2003).  In contrast, disgorgement would compel a defendant to surrender money obtained through an unfair business practice regardless of whether the profits were obtained directly from the persons who were victims of the unfair practice.  Id. at 1145.  Disgorgement is available in a UCL action only to the extent that it constitutes restitution.  Id.

Plaintiffs do not allege that Defendant has wrongfully taken money or property from them.  Nonetheless, citing Troyk v. Farmers Gp., Inc., 171 Cal. App. 4th 1305, 1339 (2009), Plaintiffs argue that restitution includes the return of money from a defendant whose unlawful business practices caused the plaintiff to pay that money to a third party.  Thus, Plaintiffs argue, they are entitled to the return of money they paid to any third party as a result of Defendant's unfair business practices.

In Troyk, the court did state that, to establish standing to bring a UCL claim, a plaintiff need not have paid money directly to the defendant.  Id.  However, the facts in Troyk distinguish it from this case.  In Troyk, the defendants, Farmers Group, Inc. (FGI) and Farmers Insurance Exchange (FIE), were sued over service charges paid by the plaintiffs to Prematic Service Corporation of California and Prematic Service Corporation of Nevada (Prematic), subsidiaries of FGI that handled customer billing for FIE.  Id. at 1315.  The court held that, even though the plaintiffs made their payments to Prematic, it could be inferred that a substantial portion of the payments were indirectly received by FGI as the parent corporation.  Id. at 1340.  Also, because Prematic was FIE's billing agent, FIE, as Prematic's principal, could be held liable

8

for restitution for service charges paid to Prematic. Id. at 1341.

Unlike Troyk, Plaintiffs do not allege that there is a special relationship between Defendant and the third parties to whom Plaintiffs made payments to remediate the property. The gravamen of Plaintiffs' allegations is that Defendant benefitted financially by failing to pay to third parties its share of the cost to remediate Plaintiffs' property. What Plaintiffs seek is disgorgement, not restitution, and thus they lack standing to bring a UCL claim. See also, Citizens of Humanity, LLC v. Costco Wholesale Corp., 171 Cal. App. 4th 1, 22 (2009) (the loss of money or property that is not subject to restitution, even when the loss is due to defendant's unfair business practices, does not confer standing to sue under UCL).

Alternatively, Plaintiffs argue that they have standing to seek injunctive relief under the UCL. As explained in Buckland, 155 Cal. App. 4th at 811-12, prior to 2004, the UCL allowed individuals who had not been injured to bring UCL claims for injunctive relief on behalf of the general public. However, in 2004, the voters approved Proposition 64 which amended the UCL so that standing to sue, even for injunctive relief, is predicated upon the plaintiff's suffering an injury in fact in the form of the loss of money or property that is eligible for restitution. Id. at 812. Because Plaintiffs are not entitled to restitution, they lack standing to bring a claim for injunctive relief under the UCL.

Therefore, Plaintiffs' UCL claim must be dismissed. It is dismissed without leave to amend because, under the facts alleged in the FAC, Plaintiffs could not be entitled to restitution.

CONCLUSION

Based upon the foregoing, Defendant's motion to dismiss Plaintiffs' claims under the UCL and for intentional and negligent misrepresentation is granted. Dismissal is without leave to amend. Plaintiff's remaining claims are continuing nuisance, contribution and indemnity. A further case management conference is scheduled for 2 p.m. on April 8, 2010, which is also the cut-off date for hearing case dispositive motions.

IT IS SO ORDERED.

Dated: January 20, 2010

CLAUDIA WILKEN
United States District Judge