1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CARLTON A. SULLINS, et al.,                    No. 08-04927 CW

          Plaintiffs,                          ORDER GRANTING IN
                                               PART AND DENYING
     v.                                        IN PART
                                               DEFENDANT'S
EXXON/MOBIL CORPORATION,                        MOTION TO DISMISS
                                               RCRA CLAIM
          Defendant.
_____/

     This case is based on the allegations that, during the time
Defendant ExxonMobil Corporation owned the real property now owned
by Plaintiffs, underground storage tanks leaked, contaminating the
property, and that Defendant refuses to contribute to the cost of
remediating the property.  Defendant moves to dismiss, under
Federal Rule of Civil Procedure 12(b)(6), Plaintiffs' claim under
the Resource Conservation and Recovery Act (RCRA), 42 U.S.C.
§§ 6901 et seq..  Plaintiffs Carlton A. Sullins, Rita Sullins, and
Don-Sul, Inc., collectively Sullins, oppose the motion.  Having
considered all the papers filed by the parties, the Court grants
the motion to dismiss, in part.

                           BACKGROUND

     Plaintiffs allege that they and Defendant have been designated
Responsible Parties by various government agencies with respect to
the contamination from underground storage tanks (USTs) that were

on Plaintiffs' real property.  After Plaintiffs purchased the property, they removed the USTs.  Plaintiffs allege that they have attempted to comply with the agencies' orders to remediate the contamination, but that Defendant has refused to contribute to the remediation.

In an order dated September 2, 2009, the Court dismissed with leave to amend certain claims in Plaintiffs' First Amended Complaint (1AC), including the RCRA claim.  The RCRA claim was dismissed on two grounds.  First, the broad allegation that Defendant "violated the RCRA" was insufficient to put Defendant on notice of the claim against it in a way that would enable it to articulate a defense.  The Court stated that, in an amended complaint, Plaintiffs must specify what provision of the RCRA Defendant violated and allege facts to support the conclusion that the provision was violated.  Second, the claim failed to satisfy RCRA's notice requirement because the notice that Plaintiffs served failed to identify any "permit, standard, regulation, condition, requirement, or order" that has become effective under the RCRA and that Defendant allegedly violated.

Plaintiffs sent a revised RCRA notice to Defendant on September 30, 2009 and filed a Second Amended Complaint (2AC) on October 9, 2009, the deadline specified in the Court's September 2, 2009 Order.  Because RCRA requires a ninety-day notice period, Plaintiffs could not include a RCRA claim in their 2AC.  The parties stipulated that Plaintiffs could file this Third Amended Complaint (3AC) so that they could allege a RCRA claim after the ninety days had passed.

2

1                       LEGAL STANDARD

2      A complaint must contain a "short and plain statement of the

3 claim showing that the pleader is entitled to relief." Fed. R.

4 Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to state

5 a claim, dismissal is appropriate only when the complaint does not

6 give the defendant fair notice of a legally cognizable claim and

7 the grounds on which it rests. <u>Bell Atl. Corp. v. Twombly</u>,

8 550 U.S. 544, 555 (2007).

9      In considering whether the complaint is sufficient to state a

10 claim, the court will take all material allegations as true and

11 construe them in the light most favorable to the plaintiff. <u>NL</u>

12 <u>Indus., Inc. v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986). When

13 granting a motion to dismiss, the court is generally required to

14 give the plaintiff leave to amend, even if no request to amend the

15 pleading was made, unless amendment would be futile. <u>Cook, Perkiss</u>

16 <u>& Liehe, Inc. v. N. Cal. Collection Serv. Inc.</u>, 911 F.2d 242, 246-

17 47 (9th Cir. 1990). However, the court has broad discretion to

18 deny leave to amend where the plaintiff has already had an

19 opportunity to amend the complaint. <u>DCD Programs, Ltd. v.</u>

20 <u>Leighton</u>, 833 F.2d 183, 186 n.3 (9th Cir. 1987); <u>Fidelity Fin.</u>

21 <u>Corp. v. Federal Home Loan Bank of San Francisco</u>, 792 F.2d 1432,

22 1438 (9th Cir. 1986).

23                       DISCUSSION

24      In their 3AC, Plaintiffs assert claims under §§ 6972(a)(1)(A)

25 (Subsection A) and 6972(a)(1)(B) (Subsection B) of RCRA. Defendant

26 argues that Plaintiffs fail to state a claim under either section.

27      RCRA provides, in relevant part, that any person may commence

28                       3

a civil action

> (1)(A) against any person . . . who is alleged to be
> in violation of any permit, standard, regulation,
> condition, requirement, prohibition, or order which has
> become effective pursuant to this chapter; or
>
> (B) against any person, . . . including any past or
> present generator, past or present transporter, or past
> or present owner or operator of a treatment, storage, or
> disposal facility, who has contributed or who is
> contributing to the past or present handling, storage,
> treatment, transportation, or disposal of any solid or
> hazardous waste which may present an imminent and
> substantial endangerment to health or the environment;

42 U.S.C. §§ 6972(a)(1)(A) and (B).

I. Subsection A

The parties agree that a Mobil-branded gas station was operated on the property prior to 1969, a business known as Phil's Tire Service was operated on it from 1969 to 1972 and Plaintiffs purchased the property in 1972.  Citing Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1159 (9th Cir. 1989), and Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation, Inc., 484 U.S. 49 (1987), Defendant argues that it could not have violated Subsection A because the conduct about which Plaintiffs complain occurred prior to the enactment of RCRA in 1976.

In Ascon, the Ninth Circuit addressed a claim under RCRA Subsection A and held that the complaint, which alleged that the defendant's unlawful disposal activities ended in 1972, failed to state a claim because RCRA was enacted in 1976 and, thus, the defendant "simply could not have been 'in violation of any permit, standard, regulation, condition, requirement, prohibition, or order which has become effective pursuant to [RCRA].'"  Ascon, 866 F.2d at 1159.  The Ninth Circuit explained that, in 1972, there was no

United States District Court
For the Northern District of California

4

**United States District Court**
For the Northern District of California

statute pursuant to which any permits or regulations could have been effective.  Id.  Therefore, the district court lacked subject matter jurisdiction over the Subsection A claim.  Id.

Plaintiffs purchased the property in 1972, four years before the enactment of RCRA.  Under Ascon, there could not have been any permit, standard, regulation condition, requirement or prohibition under RCRA that Defendant could have violated because RCRA was not in existence at the time it owned the property.  Thus, as in Ascon, this Court lacks subject matter jurisdiction over Plaintiffs' Subsection A claim.

Without addressing the fact that Defendant could not have violated any government requirement enacted pursuant to RCRA, Plaintiffs attempt to distinguish Ascon on the ground that the complaint there did not allege a continuing violation as they allege in their 3AC.  This argument is unavailing because the facts in Ascon are the same as the facts alleged here.  In Ascon, in 1983, the state Department of Health Services ordered Ascon to remediate contamination on its property which allegedly had been caused by the defendant, Mobil Oil, before it had ceased operations on the property in 1972.  Id. at 1151-52.  Thus, as in this case, Ascon claimed that the defendant caused contamination on the property and that this contamination continued to affect the property and was the subject of a governmental cleanup order.  Nevertheless, the Ninth Circuit held that it was a legal impossibility for contamination caused before the enactment of RCRA to form the basis of a RCRA Subsection A claim.  Id. at 1159. Plaintiffs' argument that Ascon does not apply because the

1  complaint did not allege a continuing violation ignores the fact

2  that the allegations in the two cases are virtually identical.

3       Plaintiffs also rely on Gwaltney where the Court noted that a

4  good faith allegation of continuous or intermittent violations

5  states a cognizable claim.  In Gwaltney, the Court interpreted

6  language in the Clean Water Act which was identical to the "to be

7  in violation" language found in RCRA Subsection A.  484 U.S. at 54.

8  The Court concluded that this language did not apply to past

9  violations and required that the plaintiffs allege a continuous or

10 intermittent violation by the defendant, that is, "a reasonable

11 likelihood that the past polluter will continue to pollute in the

12 future."  Id. at 57.  The Court acknowledged that a good-faith

13 allegation of continuous or intermittent violation would confer

14 jurisdiction.  Id. at 64.

15      Plaintiffs' reliance on Gwaltney is misplaced.  They ignore

16 the fact that a continuous or intermittent violation will support a

17 claim only if there is a reasonable likelihood that the past

18 polluter will continue to pollute in the future.  In Gwaltney, the

19 defendant, who was alleged to be in violation of permits

20 authorizing the discharge of pollutants into a river, still owned

21 the property and could reasonably be expected to violate those

22 permits in the future.  Because Defendant here has not owned the

23 property since 1972, there is no reasonable likelihood that it will

24 continue to pollute the property in the future.  Furthermore, in

25 Gwaltney, the violations occurred subsequent to the enactment of

26 the Clean Water Act.  Therefore, Gwaltney does not bear upon

27 Ascon's holding that conduct occurring prior to the enactment of

28
                                6

RCRA cannot form the basis of a RCRA Subsection A claim.

Plaintiffs' other arguments are unpersuasive given that they all fail to address the explicit holding in Ascon.  Thus, Plaintiffs have failed to state a cognizable claim under RCRA Subsection A and this claim must be dismissed.

II. Subsection B

Citing Meghrig v. KFC Western, Inc., 516 U.S. 479, 484 (1996), Defendant argues that Plaintiff's RCRA Subsection B claim must be dismissed because it improperly seeks recovery of past cleanup costs.  In Meghrig, the Court held that Subsection B does not authorize a private cause of action to recover the cost of cleaning up toxic waste that does not, at the time of the suit, endanger health or the environment.  Id. at 481.  The Court noted that Subsection B authorizes suits against certain responsible parties who have or are illegally contributing to hazardous waste which may present an imminent danger to health or the environment.  Id. at 484.  The Court reasoned that this language precludes suits seeking compensation for past cleanup efforts because, after the contamination has been ameliorated, the imminent danger to health or the environment is no longer present.  Id. at 485-86.  The Court left open the question whether Subsection B authorized a private party to seek an injunction requiring the defendant to pay cleanup costs that arose after a RCRA suit had been commenced.  Id. at 488.

Plaintiffs argue that their 3AC does not seek recovery of past cleanup costs, but rather that they specifically seek injunctive relief requiring Defendant to remediate the hazardous material that currently presents an imminent and substantial threat to the

United States District Court
For the Northern District of California

environment.  3AC ¶¶ 1, 11.  Plaintiffs may seek an injunction
requiring Defendant to contribute to the future remediation of the
property.  They may not seek compensation for past cleanup costs
pursuant to this cause of action.

The allegations in the 3AC are sufficient to state that the
contamination presents an imminent danger to the environment.  The
cases upon which Defendant relies to argue the contrary are not
applicable because they address motions for summary judgment or
after a trial.  See e.g., Price v. United States Navy, 39 F.3d
1011, 1014 (9th Cir. 1994) (ruling after considering testimony and
evidence presented at trial); Two Rivers Terminal, L.P. v. Chevron
USA, Inc., 96 F. Supp. 2d 432, 436 (M.D. Pa. 2000) (motion for
summary judgment).

Therefore, Defendant's motion to dismiss the Subsection B
claim is denied.

CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion
to dismiss the RCRA, Subsection A claim and denies the motion to
dismiss the Subsection B claim.


IT IS SO ORDERED.

Dated: May 18, 2010

_____
CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California

8