IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CARLTON SULLINS, et al.,

    Plaintiffs,

    v.

EXXON/MOBIL CORPORATION,

    Defendant.

                                           /

No. C 08-04927 CW

ORDER ON MOTIONS IN LIMINE

    As discussed at the final pre-trial conference, held on June 29, 2010, the Court rules on the parties' motions in limine as follows:

**Plaintiffs' Motions in Limine**

1. Preclude Defendant from claiming it is not a responsible party.

   DENIED. The term "responsible party" is not relevant to a continuing nuisance claim. Defendant may present admissible evidence that it did not cause the contamination on the property.

2. Preclude Defendant from claiming it is a secondary responsible party or that Plaintiffs are the primary responsible party.

   DENIED. Again, "responsible party" is not relevant to the continuing nuisance claim. Defendant may present admissible evidence that it was not primarily responsible for causing the contamination.

3. Preclude Defendant from referring to or introducing any document or witness not disclosed pursuant to Rule 26 of the Federal Rules of Civil Procedure.

DENIED AS MOOT.  The parties agreed they will meet and confer regarding their mutual motions to exclude evidence and witnesses based on Rule 26.

### Defendant's Motions in Limine

1. Exclude correspondence from Alameda County and the City of Livermore.

    GRANTED, in part.  If Plaintiffs can produce a witness or witnesses with non-hearsay, personal knowledge of the studies upon which the factual findings in the letters are based, they would be admitted.  However, the ultimate finding of who caused the contamination is for the jury to decide.

2. (a) Exclude all references to damages that are unavailable for a continuing nuisance claim.

    (b) Exclude damages not included in Plaintiffs' Rule 26 disclosures.

    (a) GRANTED.

    > Excluded are: costs incurred more than three years prior to filing the complaint; diminution in property value; future damages; and consequential and compensatory damages.

    > Allowable damages are: costs of remediation incurred during the three years prior to the filing of the complaint; loss of use and loss of profits during the three years prior to filing the complaint.  In addition, injunctive relief to abate the contamination may be ordered by the Court.

    (b) DENIED as moot.  The parties shall meet and confer to attempt to agree.

3. Exclude all references to Plaintiffs' and Defendant's financial conditions.

    GRANTED, in part.  Plaintiffs are precluded from mentioning or introducing evidence about Defendant's financial condition. Plaintiffs are precluded from mentioning their financial condition in their opening statement.  Evidence of Plaintiffs' financial condition will be admitted only if it is relevant to a dispute in issue.

4. Exclude inflammatory language about Defendant or the oil industry.

    GRANTED.

5. Exclude mention of meetings between Defendant's representatives and Plaintiffs and the content of those

meetings.

GRANTED, unless there is evidence of a statement against interest or an admission of a party opponent.

6.  Exclude evidence of the 85% Underground Storage Tank allocation by the State Water Resources Control Board

GRANTED, in part.  This evidence is admissible only if the individual who made the 85% determination testifies as to the factual findings that resulted in that decision.

7.  Preclude Plaintiffs from referring to the Underground Storage Tanks as "Mobile's Tanks" or "ExxonMobil's Tanks."

GRANTED, in part.  After admissible evidence that one or more of the underground tanks belonged to Mobil, Plaintiffs may refer to them as Mobil's tanks.  Otherwise, the tanks may be referred to by letters.

8.  Exclude Rita Sullins' testimony regarding events that occurred before she was involved with the property.

DENIED.  However, Rita Sullins may only testify to facts that are non-hearsay and within her personal knowledge.

9.  Exclude declaration of Michael Comer.

GRANTED.  There is no hearsay exception that applies to this declaration.

10. Exclude all testimony and statements in documents suggesting that the underground storage tanks leaked prior to 1972.

DENIED.  Witnesses may testify to information that is non-hearsay and is within their personal knowledge.

11. Limit Plaintiffs' expert witness Ray Kablanow's testimony to the scope of his expert report.

GRANTED, in part.  Dr. Kablanow's testimony as an expert witness is limited to the opinions expressed in his expert report.  As a percipient witness, Dr. Kablanow may testify to information that is within his personal knowledge.

IT IS SO ORDERED.

Dated: July 2, 2010

CLAUDIA WILKEN
United States District Judge

3