IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON SULLINS, an individual, RITA SULLINS, an individual, DON-SUL, INC., a California Corporation,<br><br>         Plaintiff,<br><br>    v.<br><br>EXXON MOBIL CORPORATION, a New Jersey Corporation,<br><br>         Defendant.<br>_____/ | No. C 08-4927 CW<br><br>**AMENDED**<br>PRELIMINARY JURY INSTRUCTIONS |

**DUTY OF THE JURY**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be given a copy of these instructions to keep throughout the trial.  This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the

case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## CLAIMS AND DEFENSES

To help you follow the evidence, I will first give you a brief summary of the positions of the parties:

Plaintiffs claim that Defendant caused a nuisance on Plaintiffs' property before Plaintiffs bought the property in 1972, that the nuisance continues to exist, and that they have incurred damages. I will explain what constitutes a nuisance and what damages are recoverable for a nuisance in separate instructions. Plaintiffs have the burden of proving these claims.

Defendant denies those claims. Defendant also contends that Plaintiffs failed to mitigate any damages caused by Defendant. I will explain what failure to mitigate means in a separate instruction. Defendant has the burden of proof on its affirmative defense of failure to mitigate.

Plaintiffs deny Defendant's affirmative defense.

## CORPORATIONS

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its

2

employees, agents, directors, and officers performed within the scope of authority.  All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

## BURDEN OF PROOF

Plaintiffs must prove their claims and Defendant must prove its affirmative defense by a preponderance of the evidence.  When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which the lawyers may agree.

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they will say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the

3

facts as you remember them differ from the way the lawyers state them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the Court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.

(4) Anything you see or hear when the Court is not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

### EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

4

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicts the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

5

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence

**OVERVIEW OF APPLICABLE LAW**

Plaintiffs claim that contamination from leaking underground storage tanks interferes with their use and enjoyment of their property. To establish this claim, Plaintiffs must prove all of the following:

(1) That Defendant, by acting or failing to act, created a condition that was harmful to health, or was offensive to the senses, or was an obstruction to the free use of the property, so

6

as to interfere with the comfortable enjoyment of life or the property;

(2) That this condition substantially interferes with Plaintiffs' use or enjoyment of their property;

(3) That an ordinary person would be reasonably annoyed or disturbed by Defendant's conduct;

(4) That Plaintiffs were harmed;

(5) That Defendant's conduct was a substantial factor in causing Plaintiffs' harm; and

(6) That the seriousness of the harm outweighs any public benefit of Defendant's conduct.

**DAMAGES**

If you decide that Plaintiffs proved their claim against Defendant for continuing nuisance, you must determine Plaintiffs' damages. Damages means the amount of money that will reasonably and fairly compensate Plaintiffs for any injury you find was caused by Defendant. Plaintiffs have the burden of proving their damages by a preponderance of the evidence. You should consider the following:

(1) the amount paid by Plaintiffs after September 24, 2005 to remediate the contamination at their property that was not reimbursed; and

(2) the loss of use of Plaintiffs' property after September 24, 2005; and

(3) the loss of profits to Plaintiffs after September 24, 2005; and

(4) the portion of those unreimbursed funds for which

7

Defendant is responsible.

## MITIGATION

Plaintiffs have a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

Defendant has the burden of proving by a preponderance of the evidence:

(1) that Plaintiffs failed to use reasonable efforts to mitigate damages; and

(2) the amount by which damages would have been mitigated.

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members,

8

your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.  Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

### NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the

problem.

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**QUESTIONS TO WITNESSES BY JURORS**

You will be allowed to propose written questions to witnesses. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate. You may write out your questions. Do not sign the questions. I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to

10

questions you or other jurors propose.  You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so.  It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

**OUTLINE OF TRIAL**

The trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.

After opening statements, Plaintiffs will present evidence, and counsel for Defendant may cross-examine.  Then Defendant may present evidence, and counsel for Plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.  After that, you will go to the jury room to deliberate on your verdict.  After you have reached your verdict, you will be excused.

Dated: July 16, 2010

_____
CLAUDIA WILKEN
United States District Judge

11