```
IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| CARLTON SULLINS, an individual, RITA SULLINS, an individual, DON-SUL, INC., a California Corporation,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>EXXON MOBIL CORPORATION, a New Jersey Corporation,<br><br>　　　　Defendant.<br>_____/ | No. C 08-4927 CW<br><br>FINAL JURY INSTRUCTIONS |

**DUTY OF THE JURY**

　　Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case. A copy of these instructions will be sent with you to the jury room when you deliberate. You should discard the preliminary instructions; the final instructions control and you need not concern yourselves with differences between them and the preliminary instructions. You must not infer from these instructions or from anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

　　It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with

it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## CORPORATIONS

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority. All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

## BURDEN OF PROOF

Plaintiffs must prove their claims by a preponderance of the evidence. When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to both parties.

## WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

2

(3) any facts to which the lawyers have agreed.

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. You should not be influenced by the objection or by the Court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.

(4) Anything you see or hear when the Court is not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence was admitted for a limited purpose only. When I instructed you that an item of evidence was admitted for a limited purpose, you must consider it only for that limited purpose and for no other. You have heard evidence that there was a settlement between Plaintiffs and Pitcock Petroleum. This settlement is not relevant to your determination of the responsibility for the

3

contamination on Plaintiffs' property, or of the amount of damages suffered by Plaintiffs.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected. If I overruled the objection, the witness was permitted to answer the question. If I sustained the objection, the witness was not permitted to answer the question. If I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You

may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

    (1)    the opportunity and ability of the witness to see or hear or know the things testified to;

    (2)    the witness's memory;

    (3)    the witness's manner while testifying;

    (4)    the witness's interest in the outcome of the case and any bias or prejudice;

    (5)    whether other evidence contradicts the witness's testimony;

    (6)    the reasonableness of the witness's testimony in light of all the evidence; and

    (7)    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion and all the other evidence in the case.

**DEMONSTRATIVE EXHIBITS NOT IN EVIDENCE**

Certain demonstrative exhibits and displays not received into evidence have been shown to you to illustrate information brought

5

out at trial.  They are not themselves evidence or proof of any facts.  Demonstrative exhibits and displays are only as good as the underlying evidence that supports them.  If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these demonstrative exhibits and determine the facts from the underlying evidence.

**CLAIMS AND DEFENSES**

Plaintiffs claim that contamination from leaking underground storage tanks interferes with their use and enjoyment of their property.  To establish this claim, Plaintiffs must prove all of the following:

(1) That Defendant, by acting or failing to act, created a condition that was harmful to health, or was offensive to the senses, or was an obstruction to the free use of the property, so as to interfere with the comfortable enjoyment of life or the property;

(2) That this condition substantially interferes with Plaintiffs' use or enjoyment of their property;

(3) That an ordinary person would be reasonably annoyed or disturbed by Defendant's conduct;

(4) That Plaintiffs were harmed;

(5) That Defendant's conduct was a substantial factor in causing Plaintiffs' harm; and

(6) That the seriousness of the harm outweighs any public benefit of Defendant's conduct.

**CAUSATION: SUBSTANTIAL FACTOR**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.

It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.  Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

**DAMAGES**

If you decide that Plaintiffs proved their claim against Defendant for continuing nuisance, you must determine Plaintiffs' damages.  Damages means the amount of money that will reasonably and fairly compensate Plaintiffs for any injury you find was caused by Defendant.  Plaintiffs have the burden of proving their damages by a preponderance of the evidence.

The parties have agreed that Plaintiffs incurred costs in the amount of $42,377.95 to investigate and remediate all of the contamination on their Property between September 24, 2005 and today that were not reimbursed by the Underground Storage Tank Fund.  Plaintiffs' damages are the portion of those unreimbursed funds for which Defendant is responsible.

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the Court that you are ready to return to the courtroom.

Dated: July 21, 2010

CLAUDIA WILKEN
United States District Judge